IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re: ) | |
| I LOAD, INC., ) | |
| ) | BK No. 17-16011 |
| Debtor. ) | Chapter 11 |
| ) | Hon. LaShonda A. Hunt |
| ) | |
| ) | |

## COMMERCIAL CREDIT GROUP, INC.'S NOTICE OF
## MOTION FOR RELIEF FROM AUTOMATIC STAY FOR CAUSE

**Please take notice** that on Thursday, June 8 at 10:00 am, or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable LaShonda A. Hunt, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 719 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there shall present the **Motion for Relief from Automatic Stay for Cause**, a copy of which is attached hereto and herewith served upon you.

Dated: June 2, 2017　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　**COMMERCIAL CREDIT GROUP, INC.**


　　　　　　　　　　　　　　　　　　　　**/s/ Daniel M. Feeney**
　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

Daniel M. Feeney
MILLER SHAKMAN & BEEM LLP
180 North LaSalle Street, Suite 3600
Chicago, IL 60601
(312) 263-3700
(312) 263-3270 (fax)

## CERTIFICATE OF SERVICE

The undersigned attorney, upon oath, hereby certifies that he served a copy of the foregoing Notice of Motion and accompanying Motion upon the parties entitled to receive notice through the Electronic Court Filing System including:

| | |
|---|---|
| **Thomas V Askounis**<br>Askounis & Darcy, PC<br>taskounis@askounisdarcy.com | **Gregory J Jordan**<br>Jordan & Zito LLC<br>gjordan@jz-llc.com |
| **Leslie G Bleifuss**<br>O'Brien Law Offices, P.C.<br>lbleifuss@obrienlawoffices.com | **Allison Kahrnoff**<br>Askounis & Darcy, PC<br>akahrnoff@askounisdarcy.com |
| **William A Castle, Jr.**<br>Robbins, Salomon Patt, Ltd.<br>wcastle@rsplaw.com | **Patrick S. Layng**<br>Office of the US Trustee, Reg.11 |
| **Miles V Cohen**<br>Scott & Kraus LLC<br>mcohen@skcounsel.com | **Laurie A Martin-Montplaisir**<br>Robbins, Salomon & Patt, Ltd<br>lmontplaisir@rsplaw.com |
| **Dennis A Dressler**<br>Dressler & Peters, LLC<br>ddressler@dresslerpeters.com | **Lauren Newman**<br>Thompson Coburn LLP<br>lnewman@thompsoncoburn.com |
| **Richard H Fimoff**<br>Robbins, Salomon & Patt Ltd<br>rfimoff@rsplaw.com | **Michael A O'Brien**<br>O'Brien Law Offices PC<br>mobrien@obrienlawoffices.com |
| **David R Herzog**<br>Herzog & Schwartz Pc<br>drhlaw@mindspring.com | **Diana H Psarras**<br>Robbins Salomon & Patt Ltd<br>dpsarras@rsplaw.com |
| | **Mark R Zito**<br>Jordan & Zito LLC<br>mzito@jz-llc.com |

/s/Daniel M. Feeney

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re: ) | |
| I Load, Inc., ) | |
| ) | BK No. 17-16011 |
| Debtor. ) | Chapter 11 |
| ) | Hon. LaShonda A. Hunt |
| ) | |
| ) | |

**COMMERCIAL CREDIT GROUP, INC.'S
MOTION FOR RELIEF FROM AUTOMATIC STAY FOR CAUSE**

Creditor Commercial Credit Group, Inc. ("CCG"), through its attorneys, Miller Shakman & Beem LLP, hereby moves pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2) for entry of an order granting relief from the automatic stay to allow CCG to (a) retain possession of certain vehicles in which CCG holds a first priority security interest and which Debtor abandoned and CCG recovered prior to the Debtor's petition and (b) recover other vehicles in which CCG holds a first priority security interest and which Debtor claims are no longer in its possession. CCG is entitled to relief from the automatic stay for the following reasons:

**Background**

1. This motion represents a "core proceeding" in which the Court is entitled to enter a final order under 28 U.S.C. §§ 1334 and 157(b)(2)(A), (E), and (G) and section 362(d) of the Bankruptcy Code.

2. I Load, Inc. ("I Load") filed for bankruptcy under Chapter 11 on May 23, 2017. CCG is a secured creditor of I Load and, at the time I Load filed its Petition, had reclaimed certain items of its collateral, specifically semi-tractors and trailers, at substantial expense to CCG. Those items had been abandoned at different locations around the country by I Load or

others in privity with I Load. Counsel for I Load has informed CCG that additional items of collateral, also tractors and trailers, are no longer in I Load's possession or control and I Load has been unsuccessful recovering them.

### The I Load Loans

1. On October 21, 2015, CCG as lender and I Load as borrower entered into two separate loan transactions (the "I Load Loans") by which CCG financed the acquisition by I Load of five tractors and fifty trailers. Attached hereto as Exhibits A and B and incorporated herein by reference are copies of the executed loan documents with respect to the two I Load Loans (the "Loan Documents").

2. In connection with those transactions, CCG loaned I Load a total of $1,043,120. In exchange, I Load granted CCG a specific security interest in, among other things, the five tractors and fifty trailers (collectively, the "CCG Collateral") referenced in the two Security Agreements that are part of the Loan Documents attached at Exhibits A and B. CCG duly perfected its security interest in the CCG Collateral and maintains a first priority interest in the CCG Collateral.

3. CCG's security interest constitutes a first priority lien on the CCG Collateral and was duly filed and recorded with the Illinois Secretary of State on October 20 and 21, 2015, and its lien is noted on the face of each certificate of title. Documents reflecting CCG's perfected security interest in the CCG Collateral can be found in Exhibits A and B.

### I Load's Breach and Default

4. I Load originally breached its obligations under the Loan Documents by, *inter alia*, failing and refusing, and continuing to fail and refuse, to make payments due and owing CCG under the Loan Documents when due. Specifically, I Load failed to make full and timely

payments to CCG in October of 2016 and has not made any payments to CCG from September 12, 2016 through the present for any of the I Load Loans.

5.  I Load further breached its obligations under the Loan Documents by allowing the insurance on the CCG Collateral to lapse due to non-payment of premiums. Such insurance was cancelled as of December 27, 2016. *See* Exhibit C (Notice of Cancellation). Even if the debtor were to reinstate its prior insurance policy, the equipment would not be covered since it is being operated and controlled by third parties (see following paragraph). As a result, no insurance company will pay a claim for damage sustained to any of the collateral.

6.  Finally, I Load separately breached its obligations under the Loan Documents by leasing the CCG Collateral to a third-party without the consent of CCG. Representatives of I Load have informed CCG that I Load leased the vehicles to another trucking company when I Load lost its operating license to conduct shipping operations.

7.  The debtor has informed CCG that since it has no operating license, it cannot run the equipment itself and therefore intends to reinvent itself as a leasing company, which would violate CCG's contractual rights. The debtor cannot reorganize since it does not have authorization to run the equipment.

Recovery of Certain Collateral

8.  Between January 2017 and May 2017, CCG learned through different sources that certain items of CCG Collateral had been abandoned across the United States, often at repair shops and tow yards. Because CCG has recorded its security interest in these vehicles, the repair shops and tow yards were able to identify and contact CCG regarding the abandoned vehicles in their possession. At its own expense, totaling in excess of $46,000, CCG was able to recover possession of two tractors and twenty trailers that are part of the CCG Collateral (the "Recovered

CCG Collateral"). All such efforts to retrieve the Recovered CCG Collateral were undertaken pre-petition. Presently, the vehicles comprising Recovered CCG Collateral are being held at different locations around the country, in relatively close proximity to where CCG found them.

9. Three tractors and thirty trailers of the CCG Collateral remain unaccounted for (the "Outstanding CCG Collateral"). Representatives of I Load have informed CCG that none of the Outstanding CCG Collateral is in I Load's possession. Exhibit D lists both the Recovered CCG Collateral and the Outstanding CCG Collateral, by the final six digits of the each vehicle's VIN.

10. After giving I Load full credit for all offsets and credits due, the aggregate balance due and owing from I Load to CCG under the I Load Loans was $719,169.37 as of May 23, 2017, including late principal, interest, default interest, late fees, and recovery costs.

11. If it is in good condition, the CCG Collateral (including both Recovered CCG Collateral and Outstanding CCG Collateral) may have a combined estimated auction value of approximately $698,400. However, this value would decrease substantially if the collateral is in a damaged or deteriorated condition, or otherwise in need of repair, or if the collateral is in possession of parties who may assert mechanics and/or storage liens in order to obtain release of the equipment.

### Relief Sought and Bases Therefore

12. CCG has been prohibited by the automatic stay arising under 11 U.S.C. §362 from realizing upon its interest in the CCG Collateral.

13. Despite the fact that the Recovered CCG Collateral was abandoned by I Load or its lessee and then recovered at great expense by CCG, I Load has demanded that those vehicles be returned, and that CCG bear the substantial cost of transporting those 22 vehicles to I Load's facility. I Load has not agreed to provide adequate protection payments to CCG for the CCG

4

Collateral. CCG seeks relief from the automatic stay, including but not limited to relief from §362(a)(3), to allow it to liquidate the Recovered CCG Collateral in a manner consistent with the applicable loan documents.

14. With respect to the Outstanding CCG Collateral, CCG is prevented by the automatic stay from undertaking efforts to locate, recover and liquidate those vehicles, in a manner consistent with the applicable loan documents.

15. CCG is entitled to relief from the automatic stay for the reasons that:

   a. CCG's interest in the CCG Collateral is not being adequately protected by any current payments on the I Load Loans;

   b. The insurance on the CCG Collateral was cancelled on December 27, 2016, and has not been renewed;

   c. CCG's interest in the Outstanding CCG Collateral is in danger of being diminished or completely lost because the current whereabouts of the majority of the vehicles are unknown and I Load claims that it no longer possesses those vehicles;

   d. The CCG Collateral depreciates in value on a daily basis and is inherently mobile, concealable and may be transported out of this jurisdiction by I Load, I Load's lessee, or others associated with I Load; and

   e. I Load has no equity in the CCG Collateral and, because I Load has no operating license, the CCG Collateral is not necessary for an effective reorganization.

WHEREFORE, CCG respectfully requests that this Court enter an Order (1) granting CCG relief from the automatic stay allowing CCG to retain possession of the Recovered CCG Collateral and dispose of same in a manner consistent with the Loan Documents and applicable

5

law; (2) granting CCG relief from the automatic stay so that CCG may take immediate possession of the Outstanding CCG Collateral wherever it may be found and dispose of same in a manner consistent with the Loan Documents and applicable law; and (3) granting such other and further relief as is appropriate.

Dated:  June 2, 2017                                  Respectfully Submitted,

                                                      **COMMERCIAL CREDIT GROUP, INC.**


                                                      /s/Daniel M. Feeney
                                                      One of Its Attorneys

Daniel M. Feeney
MILLER SHAKMAN & BEEM LLP
180 North LaSalle Street, Suite 3600
Chicago, IL 60601
(312) 263-3700
(312) 263-3270 (fax)