**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| I LOAD, INC., ) | |
| ) | |
| Debtor. ) | CASE NO. 17-16011 |
| ) | |
| ) | Chapter 11 |
| ) | Hon. LaShonda A. Hunt |
| ) | |

**MOTION OF HITACHI CAPITAL AMERICA CORP.**
**FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 362(d)(1)**

Hitachi Capital America Corp. ("Hitachi") by its undersigned attorney, hereby submits the following in support of its Motion for Relief from the Automatic Stay with respect to certain vehicles subject to certain Motor Vehicle Security Agreements entered into with I Load, Inc. and in support thereof represents as follows:

**I.    JURISDICTION AND VENUE**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1408.

**II.    BACKGROUND FACTS**

3. The facts and documentary evidence material to this motion are more fully set forth within the accompanying affidavit of Gary S. Gray, Litigation and Workout Analyst of Hitachi (the "Gray Affidavit") and will not be repeated herein except where necessary, which is attached hereto as **Exhibit 1**.

4. In short, between October 15, 2015 and June 9, 2016, Hitachi and I Load, Inc. ("I Load" or the "Debtor") entered into twenty-nine (29) separate Motor Vehicle Finance Agreements (collectively the "Agreements"), pursuant to which Hitachi agreed to provide

215871144.1 36288/313664

financing to enable I Load to acquire twenty-nine (29) vehicles (collectively the "Vehicles"). (See, Gray Affidavit at ¶5)

5. Pre-petition, the Debtor incurred numerous defaults under the Agreements. Among other things the Debtor failed to make payments when due; failed to maintain a comprehensive policy of insurance; and subleased the vehicles to third parties without Hitachi's consent. (See, Gray Affidavit at ¶9)

6. As a result of the default, Hitachi exercised its contractual remedies and attempted to repossess the twenty-nine (29) Vehicles. (See, Gray Affidavit at ¶10)

7. However, in spite of its efforts, Hitachi was only able to secure sixteen (16) of the vehicles and there remain thirteen (13) vehicles at large. Hitachi has attempted to verify the whereabouts of same, but the Debtor has refused to disclose their locations. (See, Gray Affidavit at ¶13)

8. Regarding the sixteen (16) vehicles that have been recovered, Hitachi has been able to foreclose its security interest in thirteen (13) of the vehicles by selling same. However, there are three (3) vehicles which have not been sold. (See, Gray Affidavit at ¶13)

9. Hitachi is still owed the principal sum of $323,150.88, for the thirteen (13) vehicles which are still at large. The collective value of those vehicles is approximately $251,600. With respect to the three (3) vehicles in its possession, Hitachi is still owed the principal sum of $94,660.74 the collective value of these vehicles is $76,600. (See, Gray Affidavit at ¶14)

10. Vehicles such as the ones financed by the Debtor depreciate with the mere passage of time, with such depreciation being accelerated if the vehicles are being used. Upon

215871144.1 36288/313664

information and belief, the vehicles are being used and accordingly the values of the vehicles are depreciating more rapidly. (See, Gray Affidavit at ¶18)

11. Hitachi believes that its interests in the vehicles are not adequately protected. Accordingly, Hitachi respectfully submits that ample grounds exist to terminate the automatic stay with respect to the vehicles.

### III. LEGAL ARGUMENT

12. 11 U.S.C. §362(d)(1) provides that this Court may terminate, annul, modify, or condition the automatic stay on the following:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> (1) for cause . . .;

13. What constitutes "cause" is to be developed on a case by case basis. In re Morrow, 495 B.R. 378, 385 (Bankr. N.D. Ill. 2013). Factors looked at in determining whether to modify the stay for cause include the bad faith of the debtor, injury to the debtor or other creditors and the proportionality of the harms from modifying or continuing the stay. Id.

14. As set forth above the Debtor has defaulted under the Agreements by failing to make payments as they came due, by failing to maintain a policy of insurance, by failing to protect Hitachi's security interest; and by subletting or transferring possession of the vehicles to third parties.

15. As previously mentioned, the vehicles continue to depreciate on a monthly basis with the Debtor's continued use, thereby eroding Hitachi's interests in and to the vehicles.

16. Based upon the Debtor's pre-petition conduct with Hitachi and the serious allegations raised against the Debtor and its principals in civil lawsuits commenced by other

3

creditors, Hitachi does not have confidence that its collateral can be adequately protected while in the possession of the Debtor.

17. Accordingly, Hitachi seeks an order granting it relief from the automatic stay, pursuant to 362(d)(1), so that it may take those steps necessary to mitigate its damages, including taking possession of the Vehicles and selling same. A Copy of the Required Statement is attached as **Exhibit 2**.

18. A copy of the Proposed Order is attached as **Exhibit 3**.

## IV.    CONCLUSION

**WHEREFORE**, Hitachi respectfully requests that the Court enter an order granting Hitachi relief from the automatic stay to enforce its rights with respect to the Vehicles, including but not limited to taking possession of the following vehicles: 2008 Wabash 53 Dry Van Trailer VIN#148836; 2007 Great Dane 53 Dry Van Trailer VIN#705575; 2007 Utility 53 Van Trailer VIN#010416; 2007 Wabash 53 Van Trailer VIN#040384; 2006 Stoughton 53 Van Body VIN#881229; 2006 Stoughton 53 Van Body VIN#881234; 2007 Wabash 53 Van Trailer VIN#084336; 2007 Wabash 53 Van Trailer VIN#095504; 2008 Wabash 53 Van Trailer VIN#148394; 2006 Great Dane 53 Van Trailer VIN#276318; 2013 Freightliner Cascadia VIN#FB4282; 2013 Freightliner Cascadia VIN#FB4287; 2014 Freightliner Cascadia VIN#FL8567 selling the same, and applying the proceeds thereof to the obligations owing to Hitachi, and for such other and further relief as the Court deems proper.

Dated:     June 6, 2017                    **HITACHI CAPITAL AMERICA CORP.,**
                                                  A Delaware Corporation

                                                  By: /s/ Timothy R. Herman
                                                  Timothy R. Herman, Esq.
                                                  (ARDC No. 6301721)
                                                  CLARK HILL PLC
                                                  130 East Randolph Street, Suite 3900
                                                  Chicago, IL  60601
                                                  (312) 985-5900  Telephone
                                                  (312) 985-5999  Facsimile
                                                  therman@clarkhill.com

215871144.1 36288/313664