IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| I LOAD, INC., | ) | Case No. 17-16011 |
| | ) | |
| | ) | Honorable Judge LaShonda A. Hunt |
| Debtor. | ) | |

## NOTICE OF MOTION

SEE ATTACHED SERVICE LIST

    PLEASE TAKE NOTICE that on June 22, 2017 at the hour of 10:00 a.m., or as soon thereafter as counsel may be heard, the undersigned counsel shall appear before the Honorable Judge LaShonda A. Hunt, presiding in Courtroom 719, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present **COMMERCIAL FLEET CAPITAL LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY,** a copy of which is served on you.

                            Respectfully submitted,

                            COMMERCIAL FLEET CAPITAL LLC, Movant,

                            By: /s/    Lauren Newman
                                  Attorney for Movant

Lauren Newman, Esq. (IL Bar No. 6188355)
Thompson Coburn LLP
55 East Monroe, 37th Floor
Chicago, Illinois 60603
Telephone: (312) 346-7500
Fax: (312) 782-3659

## CERTIFICATE OF SERVICE

The undersigned attorney, being first duly sworn on oath, deposes and says that she served a copy of this **Notice of Motion** and **Commercial Fleet Capital LLC's Motion for Relief from the Automatic Stay**, via ECF or U.S. Mail as indicated below, on June 14, 2017.

/s/ Lauren Newman
Lauren Newman

## SERVICE LIST

I Load, Inc.
2118 S. Wolf Road
Des Plaines, IL 60018
(Via U.S. Mail)

David R. Herzog
Herzog & Schwartz, P.C.
77 W. Washington St., Suite 1400
Chicago, IL 60602
(Via ECF)

Patrick S. Lang
Office of the U.S. Trustee, Region 11
219 S. Dearborn Street, Suite 873
Chicago, IL 60604
(Via ECF)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| I LOAD, INC., | ) Case No. 17-16011 |
| | ) |
| | ) Honorable Judge LaShonda A. Hunt |
| Debtor. | ) |

## COMMERCIAL FLEET CAPITAL LLC'S
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Commercial Fleet Capital LLC, a secured creditor ("CFC"), by and through its attorney, Lauren Newman of Thompson Coburn, LLP, hereby moves this Honorable Court pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure 4001, 6007 and 9014, for an order for relief from the automatic stay. In support of this Motion, CFC respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(M) and 11 U.S.C. § 362(d).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

### FACTUAL BACKGROUND

3. On May 23, 2017 (the "Petition Date"), a voluntary petition was filed by the debtor, I Load, Inc. (the "Debtor") under Chapter 11 of the Bankruptcy Code.

4. In October of 2015, CFC made a series of secured loans to the Debtor in order to finance the purchase of trucks and tractors. The Debtor defaulted on all of the loans with CFC beginning January, 2017. Four of CFC's vehicles are missing. One vehicle was successfully

located and repossessed prior to the Petition Date. The vehicle is located at a repair shop, and continues to accrue storage fees.

5.   Prior to the Petition Date, CFC has been unsuccessful in locating most of its collateral. CFC filed a state court action for detinue and other relief to recover its collateral.

6.   The Debtor has neither offered adequate protection payments nor provided proof of insurance since the filing of the case.

### The Loan Documents

7.   On October 15, 2015, the Debtor executed a Security Agreement and Promissory Note (the "First Note") in favor of CFC the original principal amount of $89,980.73, which is secured by a 2012 Freightliner Cascadia tractor, VIN 1FUJGLDR0CLBL5360 (hereinafter, the "First Tractor"). A true and correct copy of the First Note is attached hereto as Exhibit A.

8.   On October 15, 2015, the Debtor executed a Security Agreement and Promissory Note (the "Second Note") in favor of CFC the original principal amount of $89,980.73, which is secured by a 2012 Freightliner Cascadia tractor, VIN 1FUJGLDR6CLBL5363 (hereinafter, the "Second Tractor"). A true and correct copy of the Second Note is attached hereto as Exhibit B.

9.   On October 15, 2015, the Debtor executed a Security Agreement and Promissory Note (the "Third Note") in favor of CFC the original principal amount of $89,980.73, which is secured by a 2012 Freightliner Cascadia, VIN 1FUJGLDR8CLBL5364 (hereinafter, the "Third Tractor"). A true and correct copy of the Third Note is attached hereto as Exhibit C.

10.   On October 15, 2015, the Debtor executed a Security Agreement and Promissory Note (the "Fourth Note") in favor of CFC the original principal amount of $87,785.94, which is secured by a 2012 Freightliner Cascadia, VIN 1FUJGLDR8CSBH8247 (the "Fourth Tractor"). A true and correct copy of the Fourth Note is attached hereto as Exhibit D.

11. On October 15, 2015, the Debtor executed a Security Agreement and Promissory Note (the "Fifth Note") in favor of CFC the original principal amount of $87,785.94, which is secured by a 2012 Freightliner Cascadia, VIN 1FUJGLDR4CSBE0689 (the "Fifth Tractor"). A true and correct copy of the Fifth Note is attached hereto as Exhibit E.

12. CFC perfected its security interest (CFC was formerly known as Southgate Capital) under Illinois law in the First Tractor, the Second Tractor, the Third Tractor, the Fourth Tractor and the Fifth Tractor by placing a lien on the Certificate of Title to each vehicle, true and correct copies of which are attached hereto as group Exhibit F.

13. The Notes are in are in default, and the amounts due and owing to CFC under each Note are as follows, excluding attorneys' fees and costs:

|  | Remaining payments | Repossession Fees | Towing Fees | Allocation of Miscellaneous payment | Recovery Amount | Amount Owed |
|---|---|---|---|---|---|---|
| First Note | 67,271.76 | 1,450.00 | 260.00 | 2,166.67 |  | $66,815.09 |
| Second Note | 67,271.76 |  | 260.00 | 2,166.67 |  | $65,365.09 |
| Third Note | 67,271.76 |  | 260.00 | 2,166.67 |  | $65,365.09 |
| Fourth Note | 65,630.88 |  | 2,652.00 | 2,166.66 |  | $66,116.22 |
| Fifth Note | 65,630.88 |  | 2,652.00 | 2,166.66 |  | $66,116.22 |

14. In addition, CFC continues to accrue storage charges on the First Tractor.

15. The Debtor has not made a single adequate protection payment since the Petition Date.

16. The Debtor has not provided CFC with proof of full coverage insurance, with CFC named as an additional loss payee.

## **RELIEF REQUESTED**

17. Section 362(d)(1) of the Bankruptcy Code states that upon request of a party in interest, the court shall grant relief from the automatic stay, by terminating, annulling, modifying, or conditioning such stay "for cause," including lack of adequate protection.

18. The Debtor is in default on its monthly payments. The last time CFC received any payments from the Debtor on the First Note, the Second Note, Third Note, the Fourth Note or the Fifth Note was in December, 2016.

19. The total amount due to CFC from the Debtor on the Petition Date, exclusive of attorneys' fees and costs, was $329,777.71. Assuming the Tractors are in good condition, the Tractors have an estimated value of approximately $40,000 each or a combined value of $200,000.00. Therefore, there is no equity in the Tractors.

20. In addition to the Debtor having no equity in the Tractors, the Debtor has failed to insure the vehicles and CFC is not adequately protected.

21. CFC is requesting immediate relief from the automatic stay. Since the Tractors are depreciating assets which deteriorate over time, the Tractors are uninsured, they are highly mobile and subject to being hidden (which Debtor has successfully done for more than four months prior to the Petition Date) or destroyed, there is a basis for waiving the fourteen (14) day waiting period under Fed. R. Bankr. P. 4001(a)(3).

WHEREFORE, Movant Commercial Fleet Capital LLC, prays that this Court enter an Order granting it the following relief:

A. Modify the automatic stay in order for Commercial Fleet Capital LLC to proceed *in rem* against the First Tractor, the Second Tractor, the Third Tractor, the Fourth Tractor and the Fifth

Tractor, and allow Commercial Fleet Capital LLC to exercise all available state law remedies to enforce its Loan Documents against the collateral;

      B.      Waive the fourteen day (14) waiting period under Rule 4001 for the effective date of the Order;

      C.      Providing for such other and further relief as this Court deems just and proper.

Dated: June 14, 2017                Respectfully submitted,

Commercial Fleet Capital LLC, Movant,

By: /s/ Lauren Newman
      Attorney for Movant

Lauren Newman, Esq. (IL Bar No. 6188355)
Thompson Coburn LLP
55 East Monroe, 37th Floor
Chicago, Illinois 60603
Telephone: (312) 346-7500
Fax: (312) 782-3659
lnewman@thompsoncoburn.com