**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 17-16011 |
| | ) | Chapter 11 |
| I LOAD, INC., | ) | Honorable LaShonda A. Hunt |
| | ) | Hearing Date:  July 12, 2017 |
| Debtor. | ) | Hearing Time: 10:00 a.m |

## NOTICE OF MOTION

To:   See attached service list.

PLEASE TAKE NOTICE that on July 12, 2017 at 10:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge LaShonda A. Hunt, or any judge sitting in her stead, presiding in Room 719 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there Crossroads Equipment Finance, LLC's's *Motion for Relief from the Automatic Stay*, a copy of which is attached hereto and herewith served upon you.

Dated: July 5, 2017                              CROSSROADS EQUIPMENT LEASE AND
　　　　　　　　　　　　　　　　　　　　　FINANCE, LLC

　　　　　　　　　　　　　　　　　　By:　　/s/ Allison Kahrnoff_____
　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

Thomas V. Askounis (#0077720)
Allison Kahrnoff, Esq.(#6303641)
ASKOUNIS & DARCY, P.C.
444 N. Michigan Ave., Ste. 3270
Chicago, Illinois 60611
312/784-2400 (telephone)
312/784-2410 (facsimile)
taskounis@askounisdarcy.com
akahrnoff@askounisdarcy.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2017, the foregoing *Notice of Motion* and *Motion for Relief from the Automatic Stay* was electronically filed through the Court's CM/ECF, automatically providing notice to the following parties:

- **Leslie G Bleifuss**     lbleifuss@obrienlawoffices.com
- **William A Castle, Jr.**     wcastle@rsplaw.com, jperez@rsplaw.com
- **Miles V Cohen**     mcohen@skcounsel.com
- **Daniel P. Dawson**     ddawson@nisen.com, adrag@nisen.com
- **Dennis A Dressler**     ddressler@dresslerpeters.com
- **Daniel M. Feeney**     dfeeney@millershakman.com, adomek@millershakman.com
- **Richard H Fimoff**     rfimoff@rsplaw.com, fb@rsplaw.com
- **Timothy R Herman**     therman@clarkhill.com, tcumpton@clarkhill.com
- **David R Herzog**     drhlaw@mindspring.com, herzogschwartz@gmail.com
- **Gregory J Jordan**     gjordan@jz-llc.com
- **Brian J Kerwin**     bkerwin@millershakman.com, pcarlson@millershakman.com
- **Kathryn A Klein**     iln@riezmanberger.com
- **Eugene S. Kraus**     ekraus@skcounsel.com
- **Patrick S Layng**     USTPRegion11.ES.ECF@usdoj.gov
- **Lauren Newman**     lnewman@thompsoncoburn.com, jstolarz@thompsoncoburn.com;aversis@thompsoncoburn.com
- **Michael A O'Brien**     mobrien@obrienlawoffices.com, pdunne@obrienlawoffices.com
- **Diana H Psarras**     dpsarras@rsplaw.com
- **Jennifer M Rinn**     JenniferR@kropik.net
- **Mark R Zito**     mzito@jz-llc.com

I further certify that on July 5, 2017 I caused copies of the foregoing *Notice of Motion* and *Motion for Relief from the Automatic Stay* to be served by First Class Mail on the following:

- **Laurie A Martin-Montplaisir**
  Robbins, Salomon & Patt, Ltd
  180 N Lasalle Street
  Suite 3300
  Chicago, IL 60601


By:     /s/ Allison Kahrnoff

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 17-16011 |
| | ) | |
| I LOAD, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Honorable LaShonda A. Hunt |

**CROSSROADS EQUIPMENT LEASE AND FINANCE LLC'S**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Creditor Crossroads Equipment Lease and Finance, LLC ("Crossroads"), by and through its counsel, respectfully moves this Court for an order modifying the automatic stay pursuant to 11 U.S.C. § 362 to allow Crossroads to repossess certain collateral from the Debtor, I Load, Inc. (the "I Load" or the "Debtor"), or, in the alternative, an order compelling the Debtor to make adequate protection payments (the "Motion"). In support of the Motion, Crossroads states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction in regard to this matter pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 361, 362 and 363.

2. On May 23, 2017, I Load filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

3. Venue is proper in this court pursuant to 28 U.S.C. § 1409 as the relief requested by this Motion constitutes a proceeding arising under and related to Debtor's Chapter 11 bankruptcy proceeding which is currently pending before this court.

## BACKGROUND

4. On October 15, 2015, Crossroads, as lessor, and I Load, as lessee, entered in a Master Lease Agreement and Equipment Schedule No. 29000 (the "Agreement") to finance I Load's acquisition of fifteen (15) trailers (collectively, the "Trailers"). *See* Agreement, attached hereto as Exhibit 1.

5. Pursuant to the Agreement, I Load agreed to make thirty-six (36) consecutive monthly payments of $5,311.01. *See* Exhibit 1.

6. I Load defaulted under the Agreement by failing to make the payment due for October 2016 and all payments due thereafter.

7. Failure to make payments under the Agreement is an event of default. *See* Agreement, p. 3. In an event of default, Crossroads is entitled to recover all sums due under the Agreement, which, as of the Petition Date, totals $127,908.59, exclusive of interest, attorneys' fees and costs, and repossession expenses, as set forth below.

8. In the event of default, Crossroads is also entitled to possession of the Trailers and for all expenses of repossession. *Id.*

9. Prior to the Petition Date, Crossroads recovered the following nine (9) of the fifteen (15) Trailers (collectively, the "Recovered Trailers.")

| Year | Trailer | VIN |
|---|---|---|
| 2006 | Wabash Dry Van Trailer | VIN# 1JJV532W86L986323 |
| 2006 | Wabash Dry Van Trailer | VIN# 1JJV532W16L992982 |
| 2006 | Wabash Dry Van Trailer | VIN# 1JJV532W36L993308 |
| 2006 | Wabash Dry Van Trailer | VIN# 1JJV532W96L986573 |
| 2006 | Wabash Dry Van Trailer | VIN# 1JJV532W46L986545 |
| 2006 | Wabash Dry Van Trailer | VIN# 1JJV532W46L993401 |
| 2006 | Wabash Dry Van Trailer | VIN# 1JJV532W76L993618 |
| 2006 | Wabash Dry Van Trailer | VIN# 1JJV532W96L986685 |
| 2006 | Wabash Dry Van Trailer | VIN# 1JJV532W26L986544 |

10. Crossroads incurred at least $20,846.35 in repossession expenses to recover the Recovered Trailers and continues to incur expenses until the Recovered Trailers are sold. Crossroads' interest in the Recovered Trailers is reflected on title for each of the Recovered Trailers. *See* Titles for the Recovered Trailers, attached hereto as Exhibit 2.

11. Due to the automatic stay, Crossroads is unable to dispose of the Recovered Trailers to apply the proceeds to minimize Crossroads' damages. Crossroads estimates the value of the Recovered Trailers at $54,000.

12. The follow six (6) trailers remain missing (collectively, the "Remaining Trailers"):

| Year | Description | VIN |
|---|---|---|
| 2006 | Wabash Dry Van Trailer | VIN# 1JJV532WX6L993144 |
| 2006 | Utility 53ft x 102 Dry Van Trailer | VIN# 1UYVS25366P665808[1] |
| 2006 | Wabash Dry Van Trailer | VIN# 1JJV532W56L986652 |
| 2005 | Utility 53ft x 102 Dry Van Trailer | VIN# 1UYVS25345G513010 |
| 2005 | Stoughton Z-Plate Van Trailer | VIN# 1DW1A53215B826860 |
| 2005 | Stoughton Z-Plate Van Trailer | VIN# 1DW1A53266S881242 |

13. Crossroads' interest in the Remaining Trailers is reflected on title for each of the Remaining Trailers. *See* Titles for the Remaining Trailers, attached hereto as Exhibit 3.

14. Crossroads does not know where the Remaining Trailers are located. Crossroads estimates the value of the Remaining Trailers at $36,000, depending upon condition.

15. At her deposition pursuant to Bankruptcy Rule 2004 on June 21, 2017, I Load's owner, Kinga Politanska, testified that I Load does not have possession of the Remaining Trailers, that I Load does not know where the Remaining Trailers are located, and that the Trailers are uninsured.

---

[1] Pursuant to the Amendment to Master Vehicle Lease Agreement dated November 16, 2015, trailer S/N 808 trailer is the revised Vehicle 7, as listed on Exhibit A to the Agreement.

16. The value of the Trailers (estimated as $90,000) is less than the amount due Crossroads ($148,754.94). As such, I Load has no equity in the Trailers.

17. The current location of the Remaining Trailers is unknown.

18. Upon information and belief, there are no other entities that may have a legal or equitable interest in the Trailers.

## **RELIEF SOUGHT**

### *A. Relief from Stay.*

19. Section 362(d) of the Bankruptcy Code provides that:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay-

    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

    (2) with respect to a stay of an act against property under subsection (a) of this section, if-

        (A) the debtor does not have an equity in such property; and

        (B) such property is not necessary for an effective reorganization.

11 U.S.C. §362(d); *see also e.g. Thompson v. Gen. Motors Acceptance Corp., LLC*, 566 F.3d 699, 704 n.4 (7th Cir. 2009) (modification of stay appropriate where debtor lacks equity in collateral); *Matter of Sutton*, 904 F.2d 327, 329 (5th Cir. 1990) ("'Equity' as used in section 362(d) portends the difference between the value of the subject property and the encumbrances against it."); *In re Barnes*, 125 B.R. 484, 486 (Bankr. E.D. Mich. 1991) (cause exists to modify automatic stay for lack of adequate protection where collateral is uninsured).

6

20. Crossroads is entitled to relief from the automatic stay to dispose of the Recovered Trailers and attempt to take possession of and dispose of the Remaining Trailers because:

    a. The amount of Crossroads' claim exceeds $148,000, which exceeds the estimated value of the Trailers of $90,000. Thus, the Debtor has no equity in the Trailers.

    b. The Trailers are not necessary for an effective reorganization, which is evident by I Load's lack of possession of the Trailers and lack of knowledge where the Remaining Trailers are located.

    c. Crossroads' interest in the Trailers is diminishing, as the values of the Recovered Trailers continue to depreciate and the value of the Remaining Trailers risks total loss, due to I Load's lack of knowledge regarding the location of the Remaining Trailers.

    d. I Load lacks insurance for the Trailers.

    e. Crossroads is not adequate protected by any current payments under the Agreement.

21. To the extent that an automatic stay arose pursuant to Section 362 of the Bankruptcy Code, it must be terminated or modified to allow Crossroads to exercise its rights and remedies as provided in the Agreement to dispose of the Recovered Trailers and attempt to take possession of and dispose of the Remaining Trailers to afford Crossroads the opportunity to minimize its losses and claims against I Load.

Wherefore, Crossroads Equipment Lease and Finance LLC respectively requests:

    a. that the automatic stay, to the extent it arose pursuant to §362 of the Bankruptcy Code, be modified or terminated, to permit Crossroads exercise its rights and remedies and provided in the Agreement to dispose of the Recovered Trailers and recover and dispose of the Remaining Trailers;

  b. that the provisions of Bankruptcy Rule 4001(a)(3) not apply to the Order modifying this stay; and

  c. that Crossroads have such other and further relief as this Court deems just and proper.

          CROSSROADS EQUIPMENT LEASE AND FINANCE, LLC

          By: /s/ Allison Kahrnoff_____
             One of Its Attorneys

Thomas V. Askounis (#0077720)
Allison Kahrnoff, Esq.(#6303641)
ASKOUNIS & DARCY, P.C.
444 N. Michigan Ave., Ste. 3270
Chicago, Illinois 60611
312/784-2400 (telephone)
312/784-2410 (facsimile)
taskounis@askounisdarcy.com
akahrnoff@askounisdarcy.com