**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **In re**  **I LOAD INC.,**             **Debtor.** | Chapter 7  Case No. 17-16011  Hon. LaShonda A. Hunt  Hearing Date:   March 22, 2018  Hearing Time:   10:00 a.m. |

### NOTICE OF MOTION

TO:    See attached service list

**PLEASE TAKE NOTICE** that on **March 22, 2018 at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable LaShonda A. Hunt** in Courtroom 719, Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois and shall present the **Trustee's Motion to Approve Compromises with ReLoad, Inc. and Related Relief,** a copy of which is attached and served upon you, and move for the entry of an order in conformity with the pleadings.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

> Ira Bodenstein (#3126857)
> Shaw Fishman Glantz & Towbin LLC
> 321 North Clark Street, Suite 800
> Chicago, IL 60654

### CERTIFICATE OF SERVICE

Ira Bodenstein certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon the CM/ECF Electronic Mail Notice List via the CM/ECF system and upon the attached service list by U.S. Mail, on this 28th day of February, 2018.

> /s/ Ira Bodenstein

## *Mailing Information for Case 17-16011*

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Thomas V Askounis    taskounis@askounisdarcy.com, akapai@askounisdarcy.com
- Matthew P. Barrette    mattbarrette@shlawfirm.com
- Leslie G Bleifuss    lbleifuss@obrienlawoffices.com
- Ira Bodenstein    iratrustee@shawfishman.com, IL29@ecfcbis.com;plove@shawfishman.com
- Ashley W Brandt    ashleyb@goldmclaw.com, ashleywarrenbrandt@hotmail.com;teresag@restructuringshop.com
- William A Castle, Jr.    wcastle@rsplaw.com, jperez@rsplaw.com
- Miles V Cohen    mcohen@skcounsel.com
- Daniel P. Dawson    ddawson@nisen.com, adrag@nisen.com
- Dennis A Dressler    ddressler@dresslerpeters.com
- Daniel M. Feeney    dfeeney@millershakman.com, adomek@millershakman.com;miller-ecfs_notice@juralaw.net
- Richard H Fimoff    rfimoff@rsplaw.com, fb@rsplaw.com
- Kathryn Gleason    USTPRegion11.es.ecf@usdoj.gov, Kathryn.M.Gleason@usdoj.gov
- Timothy R Herman    therman@clarkhill.com, tcumpton@clarkhill.com
- David R Herzog    drhlaw@mindspring.com, herzogschwartz@gmail.com
- Gregory J Jordan    gjordan@jz-llc.com
- Cari A Kauffman    ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com
- Brian J Kerwin    bkerwin@millershakman.com, pcarlson@millershakman.com;miller-ecfs_notice@juralaw.net
- Kathryn A Klein    iln@riezmanberger.com
- Eugene S. Kraus    ekraus@skcounsel.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Richard J Mason    rmason@mcguirewoods.com, docket@mcguirewoods.com;cgunderson@mcguirewoods.com;jbrehm@mcguirewoods.com
- Raseq Moizuddin    rmoizuddin@askounisdarcy.com
- Ryan Navarra    rnavarra@rkchicago.com, litigation@rkchicago.com
- Lauren Newman    lnewman@thompsoncoburn.com, jstolarz@thompsoncoburn.com;aversis@thompsoncoburn.com;bray@thompsoncoburn.com
- Michael A O'Brien    mobrien@obrienlawoffices.com, pdunne@obrienlawoffices.com
- Diana H Psarras    dpsarras@rsplaw.com
- Christopher H Purcell    shermlaw13@aol.com

- Jennifer M Rinn    Jennifer@rinnrichmanlaw.com
- Sean P. Williams    seanw@restructuringshop.com
- Mark R Zito    mzito@jz-llc.com

**Via Regular U.S. Mail**

| | |
|---|---|
| Michael J Goldstein, Esq.<br>77 W. Washington, Suite 900<br>Chicago, IL  60602 | BMW Financial Services NA, LLC<br>P.O. Box 165028<br>Irving, TX  75016 |
| Mercedes-Benz Financial Services USA LLC<br>c/o BK Servicing, LLC<br>P.O. Box 131265<br>Roseville, MN  55113-0011 | Department of Treasury<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA  19101-7346 |
| Berkshire Hathaway Homestate Companies<br>c/o Jonathan Neil & Assoc., Inc.<br>P.O. Box 7000<br>Tarzana, CA  91357 | New Jersey Turnpike Authority<br>Mark Schneider, Esq.<br>581 Main Street<br>P.O. Box 5042<br>Woodbridge, NJ  07095 |
| Illinois Department of Employment Security<br>33 South State Street<br>Chicago, IL  60603<br>Attn: Bankruptcy Unit, 10th Floor | Ariel Weissberg<br>Weissberg & Associates, Ltd.<br>401 S. LaSalle Street<br>Suite 403<br>Chicago, IL  60605 |

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **In re** | Chapter 7 |
| **I LOAD, INC.,** | Case No. 17-16011<br>Hon. LaShonda A. Hunt |
| **Debtor.** | Hearing Date:  March 22, 2018<br>Hearing Time:  10:00 a.m. |

**TRUSTEE'S MOTION TO APPROVE COMPROMISES WITH
RELOAD, INC. AND FOR RELATED RELIEF**

Ira Bodenstein, not individually but solely as the duly appointed chapter 7 trustee (the "*Trustee*") of the bankruptcy estate of I Load, Inc. (the "*Debtor*" or "*I Load*"), pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 9019, hereby moves for entry of an order approving a settlement that he reached with ReLoad, Inc., ReLoad LLC, Preston Carter, Adam White and James Elsea (collectively, "*Settling Defendants*"). In support of the Motion, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15 (a) of the United States District Court for the Northern District of Illinois.

2. Venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. § 1408 and 1409.

3. The statutory bases for the relief requested herein are 11 U.S.C. §§ 105, 363 and Federal Rules of Bankruptcy Procedure 9019.

**Background**

1. On May 23, 2017, the Debtor filed its voluntary Chapter 11 bankruptcy case in this Court (the "Case") [Dkt. No. 1].

{12255-001 MOT A0500136.DOC}

2. On July 19, 2017, the Case was converted to Chapter 7. [Dkt. No. 99].

3. The Trustee was thereafter appointed successor trustee in the Case. [Dkt. No. 128].

4. On May 4, 2017, FleetOne Factory, LLC and WEX Bank instituted an action against the Settling Defendants, among others, alleging fraudulent transfers of assets belonging to I Load. The case is currently pending as Case No. 17-cv-03392 in the United States District Court for the Northern District of Illinois (the "District Court Case").

5. Subsequent to his appointment, the Trustee was substituted as a Plaintiff in the District Court Case on October 26, 2017.

**Settlement**

6. After several rounds of negotiations, the Trustee and the Settling Defendants have agreed as follows:

(i). Within five business days of the execution of this Agreement and the entry of the Approval Order, the Settling Defendants will execute and provide the Trustee with assignments of Reload's claims against FleetOne Factoring, LLC and WEX Bank, including but not limited to its asserted claims to $16,000.00 that FleetOne Factoring, LLC and WEX Bank are currently holding, its asserted claims for funds belonging to Reload currently on deposit at Bank of America, which funds Reload believes may be in excess of $20,000.00 (the "Assigned Claims"), and to make a lump sum payment to the Trustee in the amount of $14,000.00 (together with the Assigned Claims referred to as the "Settlement Payment");

(ii). Following Reload's assignment of the Assigned Claims, the Trustee agrees to prosecute and attempt to collect on the Assigned Claims in good faith. Should the Trustee's collection efforts of the Assigned Claims fail to generate funds for

the estate in the minimum amount of $16,000.00 from FleetOne Factoring, LLC and WEX Bank and $20,000.00 from Bank of America, the Trustee will assign any unpaid portion of the Assigned Claims back to Reload in exchange for Reload making a payment covering the delta of the claim between the amount collected by the Trustee and the amount anticipated in this section (by way of example, should the Trustee obtain $16,000.00 from FleetOne Factoring, LLC and WEX Bank but only $12,000.00 from Bank of America, following good faith efforts to collect the same, Reload will pay the $8,000.00 delta on the anticipated Bank of America claim to the Trustee.) Reload and the Trustee agree to execute whatever documents are reasonably necessary for transferring or re-transferring the Assigned Claims or portions thereof and to cooperate with each other with respect to any causes of action or collection efforts they may undertake to collect on the Assigned Claims;

   (iii).  Within five business days of the entry of the Approval Order the Trustee shall dismiss the District Court Case against the Defendants with prejudice; and

   (iv).  The Trustee and the Settling Defendants will exchange mutual releases.  Attached as **Exhibit 1** is a copy of the proposed Settlement Agreement between the Trustee and the Settling Defendants.

  7.  The Trustee has determined that the foregoing compromise, which was the result of arms' length negotiations conducted in good faith, is fair and reasonable in all respects and represents a favorable resolution in a manner that is in the best interests of the Estate.  Accordingly, the Trustee seeks authority to take all actions necessary to consummate the Settlement.

### Relief Requested

  8.  Fed. R. Bankr. P. 9019(a) authorizes the Court, after a hearing on such notice as the Court directs, to approve a compromise or a settlement.  The central issue in

approving a bankruptcy settlement is whether the settlement is in the "best interests of the estate." *In re Energy Co-op., Inc.*, 886 F.2d 921, 927-29 (7th Cir. 1989); *LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 161 (7th Cir. 1987). In order to make that determination, the Court must compare "the value of the settlement with the probable costs and benefits of litigating." *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). The approval of a settlement is committed to the sound discretion of the bankruptcy court. *In re Commercial Loan Corp*, 316 B.R. 697, 698 (Bankr. N.D. Ill. 2004) (citing *In re Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992)).

9. Courts primarily consider four factors in considering whether to approve or disapprove a settlement under Fed. R. Bankr. P. 9019(a). *In re Central Ice Cream Co.*, 59 B.R. 476, 487 (Bankr. N.D. Ill. 1985), *appeal dismissed*, 62 B.R. 357 (N.D. Ill. 1986); *In re Flight Transportation Corp.*, 730 F.2d 1128, 1135-36 (8th Cir. 1984). The factors are: (a) the likelihood of success; (b) the difficulties in collection; (c) the complexity of the litigation, the expense, inconvenience and delay; and (d) the paramount interest of the creditors in proper deference to their reasonable views. *In re Central Ice Cream Co.*, 59 at 487 *appeal dismissed*, 62 B.R. at 357 (1986); *In re Trism, Inc.*, 282 B.R. 662, 668 (8th Cir. B.A.P. 2002).

10. In this case, the Trustee's proposed settlement with the Settling Defendants is in the best interests of the Estate. The Trustee and his counsel have spent significant time and resources investigating the factual circumstances surrounding, and legal standards governing, the substance of the claims in the District Court Case. After assessing (i) the defenses asserted by the Settling Defendants to the asserted claims in the District Court Case, (ii) the anticipated litigation costs and corresponding risks involved in prosecuting said claims; and (iii) the fact that an immediate resolution can be achieved

through the settlement, the Trustee has concluded that the settlement is fair in all respects and represents a favorable resolution in a manner that is consistent with the best interests of the Estate and its creditors. Finally, the settlement does not conflict with any provision of the Bankruptcy Code or applicable non-bankruptcy law.

### **Notice**

11. Notice of this Motion has been served upon: the United States Trustee and all parties requesting notice in the Case via the ECF/CM system, as well as on counsel for the Settling Defendants and all creditors not receiving ECF notice who have filed proofs of claim in the case by U.S. mail and email. The Trustee respectfully submits that no further notice is required.

Respectfully submitted,

Ira Bodenstein, not personally, but as chapter 7 trustee for the estate of I Load, Inc.

Dated: February 28, 2018         By:    */s/ Ira Bodenstein, Trustee*
                                          One of his attorneys

Ira Bodenstein  (#3126857)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL  60654
Telephone: (312) 276-1334

{12255-001 MOT A0500136.DOC}                5