# EXHIBIT 1

{000 EXH A0494680.DOCX}

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") dated as of February 19, 2018 is entered into by and between Ira Bodenstein, solely in his capacity as the Chapter 7 trustee for the bankruptcy estate of iLoad, Inc. (the "Trustee"), on the one hand, and Reload, Inc. ("Reload"), Reload LLC ("Reload LLC"), Preston Carter ("Carter"), Adam White ("White"), and James Elsea ("Elsea" and collectively with Reload, Reload LLC, Carter, and White, "Defendants" or the "Reload Parties"), on the other hand (the Trustee and the Defendants may be separately referred to as a "Party" and collectively referred to as the "Parties").

## RECITALS

WHEREAS, on May 4, 2017, FleetOne Factoring, LLC and WEX Bank instituted an action against the Defendants alleging fraudulent transfers and looking to recoup assets they allege were those of iLoad, Inc. (the "Debtor"), which were improperly transferred to, or for the benefit of, the Defendants. The case is currently pending as Case No. 17-cv-03392 in the United States District Court for the Northern District of Illinois (the "District Court Case");

WHEREAS, on May 23, 2017, the Debtor filed a petition for relief under Chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Illinois, Case No. 17-16011 (the "Chapter 11 Case");

WHEREAS, on July 19, 2017, the Bankruptcy Court converted the chapter 11 case to a case under chapter 7 (the "Bankruptcy Case") and on August 9, 2017, the Trustee was appointed as successor chapter 7 trustee;

WHEREAS, the alleged claims brought in the District Court Case are the property of the Debtor's estate and pursuant to court order in the District Court Case, the Trustee was substituted as Plaintiff on October 26, 2017;

{12255-001 AGR A0498067.DOCX}

WHEREAS, the Defendants have disputed the claims asserted against them in the District Court Case and have asserted defenses thereto; and

WHEREAS, the Parties have engaged in arms-length negotiations aimed at consensually resolving any and all issues relating to the District Court Case, the Bankruptcy Case, and any other matters that could be raised between them including, but not limited to, matters the Trustee could raise as part of the Bankruptcy Case (collectively, the "Disputed Issues"), and in order to avoid the high costs and uncertainties of litigation related to the foregoing, and without admitting any fault or liability whatsoever to one another, desire to settle this mater amicably, have participated in good-faith settlement negotiations, have reached a settlement, the terms of which they have now set forth in this Agreement.

NOW THEREFORE, in consideration of the promises and mutual obligations and undertakings set forth herein, the parties hereto agree as follows:

1.    The recitals to this Agreement are hereby incorporated by reference as if fully set forth herein. This Agreement is subject to and will be effective as of the date (the "Effective Date") that an order of the Bankruptcy Court approving this Agreement, acceptable in form and substance to the Parties (the "Approval Order"), has been entered and becomes final and non-appealable.

2.    In full and final satisfaction of all claims and demands that were or could have been asserted against the Defendants in the District Court Case or the Bankruptcy Case, Reload hereby agrees to, within five business days of the execution of this Agreement and the entry of the Approval Order, execute and provide the Trustee with assignments of Reload's claims against FleetOne Factoring, LLC and WEX Bank, including but not limited to its asserted claims to $16,000.00 that FleetOne Factoring, LLC and WEX Bank are currently holding, its asserted

claims for funds belonging to Reload currently on deposit at Bank of America, which funds Reload believes may be in excess of $20,000.00 (the "Assigned Claims"), and to make a lump sum payment to the Trustee in the amount of $14,000.00 (together with the Assigned Claims referred to as the "Settlement Payment").

3.      Following Reload's assignment of the Assigned Claims, the Trustee agrees to prosecute and attempt to collect on the Assigned Claims in good faith.  Should the Trustee's collection efforts of the Assigned Claims fail to generate funds for the estate in the minimum amount of $16,000.00 from FleetOne Factoring, LLC and WEX Bank and $20,000.00 from Bank of America, the Trustee will assign any unpaid portion of the Assigned Claims back to Reload in exchange for Reload making a payment covering the delta of the claim between the amount collected by the Trustee and the amount anticipated in this section (by way of example, should the Trustee obtain $16,000.00 from FleetOne Factoring, LLC and WEX Bank but only $12,000.00 from Bank of America, following good faith efforts to collect the same, Reload will pay the $8,000.00 delta on the anticipated Bank of America claim to the Trustee.)  Reload and the Trustee agree to execute whatever documents are reasonably necessary for transferring or re-transferring the Assigned Claims or portions thereof and to cooperate with each other with respect to any causes of action or collection efforts they may undertake to collect on the Assigned Claims.

4.      Within five business days of the entry of the Approval Order the Trustee shall dismiss the District Court Case against the Defendants with prejudice.

5.      On the Effective Date and subject to paragraph 7, the Trustee, on behalf of the Debtor's estate and it's past, present and future predecessors, successors and assigns shall forever remise, release, acquit, satisfy, and forever discharge, and shall be deemed to have

remised, released, acquitted, satisfied, and forever discharged the Defendants as well as each of the past, present and future predecessors, successors and assigns, from all manner of actions, causes of action, suits, debts, covenants, contracts, controversies, agreements, promises, claims and demands whatsoever, which the Trustee ever had or now has, in connection with the Disputed Issues, including, without limitation, all claims, demands and defenses that were raised in the District Court Case.

6.      On the Effective Date and subject to paragraph 7, the Defendants shall forever remise, release, acquit, satisfy, and forever discharge, and shall be deemed to have remised, released, acquitted, satisfied, and forever discharged the Trustee and the Debtor's estate from all manner of actions, causes of action, suits, debts, covenants, contracts, controversies, agreements, promises, claims and demands whatsoever, which the Defendants ever had or now have, in connection with the Disputed Issues, including, without limitation, all claims, demands and defenses that were raised in the District Court Case.

7.      Notwithstanding the foregoing, neither the Trustee nor Defendants release any of their rights to enforce the terms of this Agreement.

8.      The Defendants agree that in addition to the Settlement Payment, they shall not file any proofs of claim in the Bankruptcy Case and will within five business days of the entry of the Approval Order withdraw any proofs of claim previously filed.

9.      This Agreement is intended to and shall resolve all disputes now existing among the Debtor's bankruptcy estate and the Defendants. No party admits any wrongdoing or liability of any kind in connection with the execution of this Agreement.

10.    This Agreement may not be assigned by any party to this Agreement, whether by operation of law or otherwise, without the prior written consent of the other parties to this Agreement.

11.    Each provision of this Agreement shall be interpreted in such a manner as to be effective and valid under applicable law. If any provision of this Agreement shall be held to be prohibited by, or invalid under, applicable law, this Agreement shall be deemed to be null and void and all of the parties' positions shall be restored to the position they were in on the day prior to the Effective Date.

12.    Each of the Defendants and the Trustee (subject to Court approval with respect to Trustee) represent and warrant that it has the authority to enter into this Agreement and each Party shall bear their own attorneys' fees and costs incurred in regard to all matters arising out of or relating to this Agreement.

13.    All understandings and agreements heretofore made between the parties are superseded by and merged into this Agreement, which alone fully and completely expresses the agreement between the parties relating to its subject matter, and the same is entered into with no party relying upon any statement or representation not embodied in this Agreement. Any modification of this Agreement may be made only by an instrument in writing signed by or on behalf of the party to be bound by such modification.

14.    This Agreement may be executed in any one or more counterparts, each of which shall constitute an original, no other counterpart needing to be produced, and all of which, when taken together, shall constitute but one and the same instrument. The parties agree that telecopy or .pdf signatures shall be deemed originals for the purposes of executing and closing settlement.

15. By executing this Agreement, each of the parties acknowledge that (a) they have consulted with, or have had sufficient opportunity to consult with, an attorney of their choosing regarding the terms of this Agreement; (b) any and all questions regarding the terms of this Agreement have been asked and answered to their complete satisfaction; (c) they have read this Agreement and fully understand its terms and their import; (d) the consideration provided for herein is good and valuable; and (e) they are entering into this Agreement voluntarily, of their own free will, and without any coercion, undue influence, threat, or intimidation of any kind whatsoever

16. Whenever the context so requires, the singular shall include the plural and vice versa. All words and phrases shall be construed as masculine, feminine, or neuter gender, according to the context.

17. This Agreement is deemed to have been drafted jointly by the parties and any uncertainty or ambiguity shall not be construed for or against any party as an attribution of drafting to such party. This Agreement shall be governed by, and construed and enforced in accordance with the laws of the State of Illinois.

18. By execution hereof, each party warrants that it owns and holds the claims being released and further represents, covenants, and warrants that no claim released herein has previously been conveyed, assigned, or in any manner transferred, in whole or in part, to any third party.

*[Remainder of Page Intentionally Left Blank]*

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as set forth below:

IRA BODENSTEIN, NOT INDIVIDUALLY, BUT AS CHAPTER 7 TRUSTEE FOR THE ESTATE OF ILOAD, INC.

/s/_____

Date:_____

RELOAD, INC.

/s/ _____

Printed: Gabe Berkinga

Title: President

Date: 2/19/18

RELOAD, LLC

/s/ Adam White

Printed: Adam White

Title: Partner / COO

Date: 2/19/18

ADAM WHITE

/s/ Adam White

Date: 2/19/18

PRESTON CARTER

/s/ Pres Cart

Date: FEBRUARY 19, 2018

JAMES ELSEA

/s/ _____

Date: 2/19/18

{12255-001 AGR A0498067.DOCX}